UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILLSIDE PLASTICS, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>DOMINION & GRIMM USA, INC., and,<br>DOMINION & GRIMM, INC.,<br><br>      Defendants. | Civil Action No. 17-30037 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Hillside Plastics, Inc. ("Hillside" or "Plaintiff"), through its attorneys, Goodwin Procter LLP, for its complaint, alleges as follows, upon personal knowledge as to its own actions and upon information and belief as to the actions of Defendants Dominion & Grimm USA, Inc. and Dominion & Grimm, Inc. (collectively "Defendants"):

**THE PARTIES**

1. Hillside is a Massachusetts company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 262 Millers Falls Road, Turners Falls, MA 01376.

2. Upon information and belief, Defendant Dominion & Grimm USA, Inc. ("D&G USA") is a corporation organized and existing under the laws of the State of Vermont having a principal place of business at 164 Yankee Park Road, Fairfax, VT 05454 and an office at 10883 State Route 19A, Fillmore, NY 14735.  Upon information and belief, D&G USA sells its products throughout the United States, including in this District, and has authorized dealers for its products within this District.

3.Upon information and belief, Defendant Dominion & Grimm, Inc. ("D&G I") is a corporation organized and existing under the laws of Canada, with a principal place of business in the province of Quebec at 8250 Marconi Anjou, Montreal, QC H1J 1B2.  Upon information and belief, D&G I is the owner of D&G USA.  D&G USA and D&G I are collectively referred to as Defendants.

## JURISDICTION AND VENUE

4.This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. § 1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§ 1114 and 1125, for infringement of a registered trademark, false designation of origin, false description or representation, trademark dilution and related unfair competition.  Plaintiff also asserts claims under state law for infringement and unfair competition.

5.This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  This Court also has jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1332 and the doctrine of supplemental jurisdiction.

6.This Court has personal jurisdiction over Defendants under Mass. Gen. Laws ch. 223A § 3, including for the reason that Defendants conducted and continue to conduct business in the Commonwealth of Massachusetts when they (i) sell products in Massachusetts and conduct or solicit business through advertising, offering for sale and selling a confusingly similar product in Massachusetts; and (ii) commit acts of trade dress infringement, as more fully described below, in whole or in part in Massachusetts.  In addition Defendants, directly and/or through their distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Massachusetts.

7.Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) in that, upon information

and belief, Defendants do business in the Commonwealth of Massachusetts, and/or the wrongful acts committed by Defendants occurred in and are causing injury in the Commonwealth of Massachusetts.

## PLAINTIFF AND PLAINTIFF'S TRADEMARK

8. Plaintiff is a leading provider of high-quality containers to the household, automotive, industrial and food and beverage industries.

9. At least as early as June 1980, and long prior to the acts of Defendants complained of herein, Plaintiff designed, adopted and used in commerce the distinctive SUGARHILL® JUG DESIGN Trademark for and in connection with blow-molded plastic jugs ("products"). Such use has been continuous since that time. Plaintiffs' SUGARHILL® JUG DESIGN Trademark products have been sold to wholesale bottlers, food distributors, and maple syrup farmers.

10. Plaintiff has invested considerable time, money and effort in designing its SUGARHILL® Jug, including significant investment in molds for the manufacture of its unique and distinctive design, as well as investments in advertising, marketing and promotion of its product.

11. As a result of these efforts Plaintiff has sold millions of SUGARHILL® Jug products over the years, yielding tens of millions of dollars of revenue, throughout the United States, including the Commonwealth of Massachusetts, and worldwide. For calendar year 2016 alone, sales of SUGARHILL® Jug products were in excess of $10,000,000.00. As a result of these efforts, Plaintiff has developed substantial recognition and goodwill in its SUGARHILL® JUG DESIGN Trademark. Consumers have come to recognize and associate the SUGARHILL® JUG DESIGN Trademark with Plaintiff, and it has acquired secondary meaning in the marketplace.

12. The SUGARHILL® JUG DESIGN Trademark has been featured in a variety of local, regional and national publications. For example, the SUGARHILL® JUG DESIGN

Trademark is featured on the website of the Massachusetts Maple Producers Association, a non-profit organization dedicated to the preservation and promotion of maple sugaring in Massachusetts. (www.massmaple.org, last visited March 8, 2017).

13. Plaintiff has a reputation as an innovator in the field. As a result of innovation in maple syrup bottling and distribution, in 2000, Plaintiff's then president was inducted into the Maple Syrup Hall of Fame.

14. On June 23, 1989 Plaintiff filed an application with the United States Patent and Trademark Office ("PTO") to register its SUGARHILL® JUG DESIGN Trademark in connection with "blow-molded plastic jugs for commercial use, sold empty." After examination at the trademark office the subject application was published for a period of public opposition on April 17, 1990. No opposition to such application having been made, such application was allowed by the PTO and issued on July 10, 1990 as Trademark Registration Number 1605584 (the "'584 Registration.")

15. A copy of the drawing from the '584 Registration (Exhibit A) appears below:



16.     By virtue of Plaintiffs' compliance with the strictures of 15 USC § 1058 and 15 USC § 1065, the '584 Registration has achieved incontestable status.

17.     Plaintiff's registration constitutes constructive notice to Defendants of Plaintiff's ownership of the trademark in connection with the goods and services identified in its registration.

### **DEFENDANTS' ACTIVITIES**

18.     For a number of years, and continuing to this day, Defendants have offered for sale, through their catalogs and otherwise, products under Plaintiff's SUGARHILL® JUG DESIGN Trademark. As a result, Defendants have been long aware of the nature of the goods sold under Plaintiff's trademark, and their success in the marketplace. Long subsequent to Plaintiff's adoption

and use of the SUGARHILL® JUG DESIGN Trademark in commerce, Defendants commenced the distribution, and sale in commerce of blow-molded jugs ("infringing jugs") bearing the SUGARHILL® JUG DESIGN Trademark, or a colorable imitation thereof. Further, upon information and belief, Defendants contracted with non-party Salbro Bottle, Inc. ("Salbro") to manufacture the SUGARHILL® JUG DESIGN branded jugs according to specifications that Defendants provided to Salbro.

19. As a company that has purchased from Plaintiff and has distributed Plaintiff's SUGARHILL® JUG DESIGN branded jugs, Defendants are well aware and, since long prior to the acts of Defendants complained of herein, have been well aware of the goodwill represented and symbolized by the SUGARHILL® JUG DESIGN Trademark. Defendants have been well aware that the SUGARHILL® JUG DESIGN Trademark is widely recognized and relied upon by the public and the trade as identifying Plaintiff and its products and as distinguishing said products from the products of others.

20. Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendants engaged in a deliberate and willful scheme to trade upon and to misappropriate for themselves the vast goodwill represented and symbolized by the SUGARHILL® JUG DESIGN Trademark, by adopting and using in commerce the accused trademark, and offering products bearing the SUGARHILL® JUG DESIGN Trademark to parties that have previously purchased Plaintiffs goods.

21. A copy of the current catalog page for the infringing jugs appears below (Exhibit B):



22.     Defendants' products are offered to the same customers through the same channels of trade as Plaintiff's goods bearing the SUGARHILL® JUG DESIGN Trademark as reflected by their side by side offering in Defendants' catalog:



23.     In addition to appearing in their catalog, Defendant D&G USA recently took out a full page advertisement in one of the industry's leading publications, Maple News, advertising the availability of the infringing jugs in the United States, including specifically Massachusetts. A copy

of this advertisement appears below (Exhibit C):



24.     Defendants' use in commerce of the accused trademark is designed, is calculated, and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the source, origin, or sponsorship of Defendants' products, and to cause them mistakenly to believe that Defendants' products are the products of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

25.     Defendants' use in commerce of the accused trademark is further designed, is calculated, and is likely to dilute the distinctiveness of Plaintiffs' SUGARHILL® JUG DESIGN

Trademark, and to diminish the value of the goodwill represented by the same.

26. Defendants' use of the accused trademark is without the license or consent of Plaintiff.

**COUNT I – FEDERAL TRADEMARK INFRINGEMENT**

27. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 26 as if fully set forth herein.

28. With full knowledge and awareness of Plaintiff's ownership and prior use of the SUGARHILL® JUG DESIGN Trademark, Defendants have intentionally used in commerce, and upon information and belief, will continue to intentionally use the accused trademark, which use is likely to cause confusion, or to cause mistake, or to deceive.

29. Defendants' aforesaid acts constitute infringement of a federal trademark registration in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Defendants' aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

31. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff and, unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

32. Plaintiff has no adequate remedy at law.

**COUNT II – FEDERAL DILUTION**

33. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 32 as if fully set forth herein.

34. The SUGARHILL® JUG DESIGN Trademark is famous and possesses a high degree of distinctiveness.

35. Defendants' aforesaid acts, commencing after the SUGARHILL® JUG DESIGN Trademark became famous and distinctive, constitute dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

36. Defendants' aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and diluted the SUGARHILL® JUG DESIGN Trademark.

37. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff and, unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

38. Plaintiff has no adequate remedy at law.

### COUNT III – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT

39. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 38 as if fully set forth herein.

40. Defendants have intentionally used and, upon information and belief, will continue to use, in commerce the accused trademark, which use constitutes a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendants' products by Plaintiff.

41. Defendants' aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendants' aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

43. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff and, unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

44. Plaintiff has no adequate remedy at law.

## COUNT IV – UNFAIR COMPETITION

45. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

46. Defendants' aforesaid acts constitute infringement, misappropriation, and misuse of the SUGARHILL® JUG DESIGN Trademark, unfair competition, palming-off and passing-off against Plaintiff, and unjust enrichment of Defendants, all in violation of Plaintiff's rights at common law and under Chapter 93A § 11 of the Massachusetts General Laws.

47. Both Plaintiff and Defendants engage in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A §§ 1, 11.

48. Defendants' acts and conduct constitute unfair and deceptive acts and practices in the conduct of trade or commerce in violation of Mass. Gen. Laws ch. 93A §§ 2, 11.

49. Defendants' unfair and deceptive acts and practices occurred within Massachusetts.

50. Defendants' unfair and deceptive acts and practices constitute knowing and/or willful violations of Mass. Gen. Laws ch. 93A §§ 2, 11.

51. Defendants' aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

52. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff and, unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

53. As a direct and proximate result of the foregoing deceptive acts and practices of Defendants, Plaintiff is entitled to damages, treble damages, and recovery of its attorneys' fees and costs.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. That this Court adjudge that the SUGARHILL® JUG DESIGN Trademark has been infringed and diluted as a direct and proximate result of the acts of Defendants as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 et seq., and the common law.

B. That this Court adjudge that Defendants have competed unfairly with Plaintiff as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1125(a), the common law, and Chapter 93A § 11 of the Massachusetts General Laws.

C. That Defendants, and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

    1) From using the accused trademark, or any designation or trademark similar thereto, in any way, in connection with software or hardware products or related services; and

    2) From doing any other act or thing likely to cause the public or the trade mistakenly to believe that there is any connection between Defendants and Plaintiff, or their respective products; and

        3)      From otherwise infringing or diluting any trademark owned by Plaintiff or engaging in unfair competition against Plaintiff.

    D.      That Defendants be required to deliver up for destruction all products, labels, signs, prints, packages, promotional materials, advertisements, and other written or printed materials that bear the accused trademark, or any trademarks similar thereto.

    E.      That Defendants be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs C and D.

    F.      That Plaintiff recover Defendants' profits and the damages of Plaintiff arising from Defendants' acts of trademark infringement, dilution, false designation of origin, false description or representation, and unfair competition.

    G.      That the Court treble such damages as awarded in accordance with paragraph F.

    H.      That Plaintiff recover, in addition to such sums as awarded in accordance with paragraphs F and G, punitive damages in an amount that the Court deems just and proper.

    I.      That Plaintiff recover both pre-judgment and post-judgment interest on each and every award.

    J.      That Plaintiff recover its reasonable attorney fees incurred in this action.

    K.      That Plaintiff have and recover its taxable costs and disbursements incurred in this action.

    L.      That Plaintiff have other and such further relief as the Court may deem just and proper.

Dated: March 31, 2017

Respectfully submitted,

HILLSIDE PLASTICS, INC.,

By its attorneys,

/s/ Robert D. Carroll
Robert D. Carroll (BBO#  662736)
Laura B. Najemy (BBO# 678756)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts  02210
Tel.:  617.570.1000
Fax:  617.523.1231
rcarroll@goodwinlaw.com
lnajemy@goodwinlaw.com

Ira Jay Levy (*Pro Hac Vice* Pending)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: 212.813-8800
Fax: 212.355.3333
ilevy@goodwinlaw.com