UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILLSIDE PLASTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 17-30037 |
| v. | ) |
| | ) |
| DOMINION & GRIMM USA, INC., and | ) |
| DOMINION & GRIMM, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' MEMORANDUM OF REASONS IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY**

Defendants Dominion & Grimm, Inc. and Dominion & Grimm USA, Inc. (collectively, "D&G"), through their undersigned counsel, request that the Court stay all discovery in this action pending resolution of D&G's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), filed concurrently.

**INTRODUCTION**

Plaintiff Hillside Plastics, Inc. ("Hillside") has alleged infringement of its SUGARHILL JUG DESIGN mark ("Jug Mark") against D&G, asserting claims that ultimately hinge on it owning a non-functional and protectable trade dress. D&G has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c) Motion"), seeking dismissal of this action, based on the Jug Mark's invalidity and D&G's noninfringement. Pursuant to Rule 26(c), D&G now seeks a stay of discovery pending this Court's ruling on its dispositive Rule 12(c) Motion. Good cause exists to stay discovery because D&G's Rule 12(c) Motion is well-founded in law and a stay of discovery will not cause Hillside undue delay or prejudice, and will significantly conserve party and judicial resources.

## PROCEDURAL BACKGROUND

Hillside sued D&G on March 31, 2017 (Dkt. 1) and D&G filed its Answer, Affirmative Defenses and Counterclaims on July 5. Dkt. 23. In the Parties' October 24 Joint Submission, D&G raised its intention to file a motion for judgment on the pleadings pursuant to Rule 12(c) and to stay discovery pending adjudication of that motion. Dkt. 40. On October 31, 2017, the Court held the Rule 16 Scheduling Conference, setting a hearing for January 10, 2018 on D&G's Rule 12(c) Motion. The Court entered a Scheduling Order on November 1, setting the discovery deadline as July 31, 2018. Dkt. 44. Concurrently herewith, D&G is filing its Rule 12(c) Motion.

## LEGAL STANDARD

Courts have broad discretion to stay discovery pending resolution of a dispositive motion. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *See Dicenzo v. Massachusetts Dep't of Correction*, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) (citing *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992)). The movant bears the burden of showing good cause and reasonableness for a stay, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1). *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988).

## ARGUMENT

**I.   GOOD CAUSE EXISTS TO STAY DISCOVERY.**

Good cause for a stay of discovery exists where the court is presented with a dispositive motion that would result in the dismissal of a case in its entirety. *See Dicenzo*, 2016 WL 158505, at *2 ("[T]he court has determined that good cause exists to stay discovery pending the resolution

of the parties' dispositive motions.") (citing *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (holding that a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined")).

Here, D&G's Rule 12(c) Motion, if granted, is dispositive of each claim asserted in this action. As fully briefed in D&G's Rule 12(c) Motion, each of Hillside's claims hinge on it owning a non-functional and protectable trade dress. D&G's Rule 12(c) Motion attacks the face of Hillside's Complaint on two fundamental issues: (1) that the asserted trade dress is invalid based on functionality – a threshold inquiry and (2) that there is no infringement. *See Straumann Co. v. Lifecore Biomedical Inc.*, 278 F. Supp. 2d 130, 133 (D. Mass. 2003) ("To prevail on a trade dress claim based on product design, a party seeking trade dress protection must show: (1) the non-functionality of the design; (2) the existence of secondary meaning and (3) a likelihood of confusion."). Thus, because D&G's Rule 12(c) Motion is well founded in the law and is potentially dispositive, a stay of discovery is appropriate.

## II. A STAY WOULD BE REASONABLE IN DURATION AND NON-PREJUDICIAL.

This Court has found that "the *relatively brief delay* in Plaintiff's receipt of discovery if Defendants' dispositive motions are denied" weighs in favor of granting a stay of discovery. *See Dicenzo*, 2016 WL 158505, at *2 (emphasis added). Here, the Court has scheduled that Rule 12(c) Motion briefing will be completed by December 19, 2017 and a hearing will be held on January 10, 2018. Dkt. 44. If the Court denies the Rule 12(c) Motion, the Scheduling Order still allows the Parties ample time to collect fact discovery, which is set to close by July 31, 2018. *See* Dkt. 44. With nearly nine months until fact discovery closes, D&G's requested stay of approximately two

months is a "relatively brief delay" that will not affect any existing discovery deadlines and does not unduly delay or prejudice Hillside's ability to prove its claims.

### III.    A STAY CONSERVES RESOURCES AND PROMOTES JUDICIAL ECONOMY.

By contrast, if a stay is not granted while D&G's dispositive motion is pending, unnecessary burden and expense would be imposed on D&G, such as the time spent searching for and compiling relevant documents and information, and attorneys' fees spent in responding to discovery requests. Any discovery conducted during the Rule 12(c) Motion's pendency will be in vain if the Rule 12(c) Motion is granted and this action is terminated. Thus, the balance of equities and interest of conserving party and judicial resources dictates that discovery should be stayed until the Court determines whether Hillside's claims are subject to dismissal. *Diomed, Inc. v. Total Vein Solutions, LLC,* 498 F.Supp.2d 385, 387 (D. Mass. July 13, 2007) ("A stay is appropriate where it is 'likely to conserve judicial and party time, resources, and energy.'") (citation omitted).

### IV.    NO DISCOVERY IS REQUIRED FOR D&G'S RULE 12(c) MOTION.

In addition to incurring only a "relatively brief delay," Hillside is also not prejudiced by a stay because no discovery is required to adjudicate D&G's Rule 12(c) Motion. "A Rule 12(c) Motion 'is treated much like a Rule 12(b)(6) motion to dismiss.'" *Perez-Acevedo v. Rivero-Cubano,* 520 F.3d 26, 29 (1st Cir. 2008). That is, the Court's consideration of the facts are limited to the pleadings. *See In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) (limiting its inquiry to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice); *Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002) ("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint."). "[A] court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to

a favorable judgment." *Aponte–Torres v. Univ. of Puerto Rico,* 445 F.3d 50, 54 (1st Cir. 2006) (citing *Rivera–Gómez v. De Castro,* 843 F.2d 631, 635 (1st Cir. 1988)).

Here, D&G's Rule 12(c) Motion, like a Rule 12(b)(6) motion to dismiss, facially challenges the legal sufficiency of Hillside's claims, contending that Hillside can plead no set of facts entitling it to relief, even with all reasonable inferences drawn in its favor. Accordingly, no discovery is required to adjudicate the motion, and Hillside suffers no prejudice in either its ability to prove its claims or oppose D&G's Rule 12(c) Motion.

## CONCLUSION

For the foregoing reasons, D&G respectfully requests that this action be stayed pending the resolution of D&G's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

Dated:  November 7, 2017                    Respectfully submitted,

/s/ Matthew C. Hurley
Matthew C. Hurley (BBO# 643638)
Nicholas W. Armington (BBO# 687843)
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone: 617-542-6000
Facsimile: 617-542-2241
MCHurley@mintz.com
NWArmington@mintz.com

VENABLE LLP
Meaghan H. Kent, Esq., *pro hac vice*
Ralph A. Dengler, Esq., *pro hac vice*
Thai-Hoa X. Nguyen, Esq., *pro hac vice*
600 Massachusetts Avenue, N.W.
Washington, DC 20001
Telephone: (202) 344-4481
Facsimile: (202) 344-8300
MHKent@Venable.com
RADengler@Venable.com
TXNguyen@Venable.com

*Counsel for Defendants Dominion & Grimm, Inc. and Dominion & Grimm USA, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated a non-registered participants on the date of electronic filing.

*/s/ Matthew C. Hurley*
Matthew C. Hurley