UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HILLSIDE PLASTICS, INC., | ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) Civil Action No. 3:17-cv-30037-MAP ) |
| DOMINION & GRIMM U.S.A., INC., and DOMINION & GRIMM, INC., | ) ) ) |
| Defendants | ) ) |

MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION TO STAY
DISCOVERY
(Dkt. No. 49)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

Referred to this court for decision is the motion of Defendants Dominion & Grimm U.S.A., Inc. and Dominion & Grimm, Inc. ("Defendants") to stay discovery until the resolution of their pending motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), which has been referred to the undersigned for a report and recommendation. For the reasons that follow, Defendants' motion to stay discovery is GRANTED and will expire on the later of: (1) the date fifteen days from the issuance of this court's report and recommendation on Defendants' motion for judgment on the pleadings if there are no objections to the report and recommendation; or (2) if a party objects to the report and recommendation, the date the presiding District Judge issues his ruling on the objections if he adopts the report and recommendation.

II. RELEVANT BACKGROUND

Plaintiff Hillside Plastics, Inc. ("Plaintiff") owns the registered trademark ("Mark") for the design of its blow-molded plastic Sugarhill Jug. On March 31, 2017, Plaintiff filed suit

claiming Defendants violated federal and state unfair competition laws by producing and selling blow-molded plastic jugs for maple syrup that infringed Plaintiff's registered Mark (Dkt. No. 1). On the same date, Salbro, the manufacturer of Defendants' allegedly infringing jugs who is not a party to this action, petitioned the Trademark Trial and Appeal Board ("TTAB") to cancel Plaintiff's registration for the Mark on the ground that the claimed trade dress was purely functional (Dkt. No. 23 at 15 ¶ 33). On June 7, 2017, Plaintiff moved to suspend the TTAB proceeding (Dkt. No. 23 at 15 ¶ 34). On June 26, 2017, Defendants moved to stay this court's action pending the TTAB's adjudication (Dkt. No. 21). After the TTAB granted Plaintiff's motion to suspend its action (Dkt. No. 23 at 15 ¶ 36), Defendants filed their counterclaim along with their answer to Plaintiff's complaint (Dkt. No. 23). Defendants' motion to stay the instant action was denied on September 21, 2017 (Dkt. Nos. 21, 32). On November 1, 2017, the undersigned entered a scheduling order stating that non-expert discovery is to be completed by July 31, 2018 (Dkt. No. 44).

On November 7, 2017, Defendants moved for dismissal of all counts with prejudice (Dkt. No. 46), *see* Fed. R. Civ. P. 12(c), and moved to stay discovery (Dkt. No. 49). Defendants are seeking dismissal on the grounds that Plaintiff's trademark is functional and, even if it is non-functional, Defendants have not infringed Plaintiff's trademark. Plaintiff has opposed both motions; Defendants have responded to Plaintiff's oppositions; and Plaintiff has replied to Defendants' response to Plaintiff's opposition to the motion to stay discovery (Dkt. Nos. 53, 54, 57, 61, 65). Plaintiff's sur-reply appended Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production of Documents and Defendants' Responses and Objections to Plaintiff's First Set of Requests for Interrogatories, which Plaintiff alleges were served in accordance with the court's scheduling order (Dkt. Nos. 65 at 1-2, 65-2, 65-3). In response to all

discovery requests, Defendants objected on the ground that the instant motion to stay discovery was pending and reserved all substantive objections (*id.*).

On December 19, 2017, Defendants' motions were referred to the undersigned who heard the parties' arguments on Defendants' motion for judgment on the pleadings and motion to stay discovery. During the hearing, the court stayed discovery pending a ruling on Defendants' motions. The undersigned has issued a separate report recommending that Defendants' motion for judgment on the pleadings be denied.

III. STANDARD

"The court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Mass. Dep't of Corr.*, Case No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992). "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1)." *Dicenzo*, 2016 WL 158505, at *1. *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988).

IV. DISCUSSION

Defendants are seeking a stay pending resolution of their motion to dismiss all counts of the complaint. Notwithstanding this court's recommendation that Defendants' motion be denied, the report and recommendation does not constitute a final order. *See* 28 U.S.C. § 636(b)(1)(B);

3

Fed. R. Civ. P. 72(b)(3). Consequently, the motion will remain pending until the presiding District Judge resolves objection(s) to the decision, if any. *Id.* A pending dispositive motion constitutes good cause for a stay of discovery. *See, e.g., See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 5 (D.D.C. 2001) (a stay of discovery pending decision on a dispositive motion that would fully resolve the case is a proper exercise of discretion; it "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery."). In view of good cause, holding discovery in abeyance until such time as a ruling on the dispositive motion becomes final will not unreasonably delay the litigation. *See Dicenzo*, 2016 WL 158505, at *2 ("relatively brief delay" until the disposition of dispositive motions is reasonable).

The weighing of the equities presents a closer question. Defendants have demonstrated that responding to Plaintiff's discovery requests will require the expenditure of significant time and expense. *See* Fed. R. Civ. P. 26(c)(1). Defendants' burden outweighs the cost to Plaintiff from its purported loss of customers due to Defendants' marketing and selling the allegedly infringing jugs. Although the court is cognizant that delay of the litigation may exacerbate Plaintiff's losses, Defendants' production and sale of their allegedly infringing jugs and Plaintiff's concomitant loss of business will continue even if discovery proceeds because Plaintiff has not moved for a preliminary injunction. If the court case advances, the impact of delay on Plaintiff's business can be considered when setting a discovery schedule. On balance, "avoiding potentially

4

unnecessary discovery costs — and if the motion to dismiss succeeds, then all discovery costs would have been unnecessary — will not significantly prejudice [Plaintiff], and may indeed even operate to its benefit." *Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 1:09-cv-01236-SEB-JM, 2010 WL 1945739, at *1-2 (S.D. Ind. May 11, 2010) (granting stay of discovery in trademark infringement case pending resolution of the defendant's motion to dismiss).

V. <u>CONCLUSION</u>

Accordingly, Defendants' motion to stay is GRANTED. If no objections are filed to the report and recommendation on Defendants' motion for judgment on the pleadings, the stay of discovery will automatically expire fifteen days after the filing of the report and recommendation. If either party files objections to the report and recommendation, however, the stay of discovery will automatically expire upon the issuance of the presiding District Judge's ruling on Defendants' motion for judgment on the pleadings if the District Judge adopts the Report and Recommendation.

It is so ordered.

Date:  August 6, 2018                    /s/ Katherine A. Robertson
                                         KATHERINE A. ROBERTSON
                                         UNITED STATES MAGISTRATE JUDGE